Bf the Court.
 

 Glasscock was charged with murder in the first degree. There was but one count in the indictment, and that was based upon Section 12402-1, General Code, and charged that the defendant unlawfully, purposely and maliciously killed James Ryan, a policeman, while he was in the discharge of his duties as such policeman. Upon trial the jury returned a verdict of guilty, without a recommendation of mercy. The Court of Appeals affirmed the judgment and upon motion the record was certified to this court for review.
 

 The question presented is whether error prejudicial to the rights of the defendant, Glasscock, resulted from the failure of the trial court to instruct the jury relative to the lesser degrees of homicide and to inform the jury that a verdict could be so returned if they found the defendant guilty of only such lesser offense.
 

 The difficulty in this class of cases arises out of the action of the prosecuting attorney in preparing an indictment with only one count, and could readily be obviated by including an additional count. This court had before it a similar question in the case of
 
 Freeman
 
 v.
 
 State,
 
 119 Ohio St., 250, 163 N. E., 202. It was there held, as it had been held in other cases cited in the opinion, that, where the evidence justifies it, the lesser degrees of an included offense should be charged in accordance with the provisions of Section 13692 (now 13448-2), General Code. In this case, however, while error was committed, it was favorable to the defendant and not prejudicial to his rights. The court instructed the jury in substance that .they must find beyond a reasonable doubt that the defendant knew that Ryan was a policeman, and that they could
 
 *77
 
 not return a verdict of guilty unless they found beyond a reasonable doubt that he knew that Ryan was a police officer. The theory urged on behalf of the defendant was that he fired in self-defense, and on that issue the court quite fully instructed the jury in all respects favorably to the defendant.
 

 Finding no prejudicial error the judgment of the Court of Appeals is affirmed.
 

 Judgment
 
 affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kjnkadb and Stephenson, JJ., concur.